JOHN L. MURPHY, Appellee, vs. THE EVANSTON ELECTRIC RAILWAY COMPANY et al. Appellants.

*Opinion filed June 18, 1908.*

1. PLEADING—*what is not a variance as respects place of injury.* An averment in the declaration, in a suit against a street railway company, that the accident occurred while plaintiff was driving in a certain street "at or near the track of defendant's said railway," authorizes proof that he was driving longitudinally upon the track.

2. INSTRUCTIONS—*when instruction has no basis in the evidence.* In an action for injuries caused by defendant's street car having struck plaintiff's wagon from the rear, testimony by the conductor, who did not see the wagon until he stepped from the rear of the car after the crash, that he saw the wagon about fifty feet from him, "going kind of across the street like, towards the north side of the street," affords no basis for an instruction framed upon the hypothesis that plaintiff drove in front of the car suddenly.

3. EVIDENCE—*when evidence as to speed of car is not erroneously admitted.* Testimony by a witness that he got on the street car some five blocks from the place where it struck the plaintiff's wagon; that the car started fast; that it stopped two or three blocks farther on and then started again and continued at fast speed until the collision occurred, is not erroneously admitted, although it shows an intervening stop, as it also shows that the fast speed continued up to the time of the accident.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

JOHN A. ROSE, and FRANK L. KRIETE, (W. W. GURLEY, of counsel,) for appellants.

CARLETON H. PENDLETON, FRANK R. GROVER, and ELA, GROVER & GRAVES, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

John L. Murphy, the appellee, sued the appellants in an action on the case for personal injuries received in a collision between a street car of the appellants and a one-

horse wagon which the appellee was driving on the track of appellants' street railroad. The collision occurred after dark, about eight o'clock in the evening of March 21, 1903. The appellee was driving east on the east-bound track of the street railroad and was overtaken and run into by the car. The trial resulted in a verdict for the plaintiff, fixing his damages at $5000. After requiring a *remittitur* of $1500 the court overruled a motion for a new trial and rendered judgment against the defendants for $3500. On appeal the Branch Appellate Court, after requiring a further *remittitur* of $1000, affirmed the judgment as to the remainder, and the appellants have appealed to this court.

The errors urged are a variance between the evidence and the declaration, the refusal of an instruction asked by the defendants and the admission of certain evidence.

The declaration consisted of two counts, the first of which appellants say in their brief was ruled out of the case by the trial court. The second count, in stating the place of the accident, avers that the plaintiff was driving upon Central street, "at or near the tracks of defendants' said railway." The evidence is that he was driving longitudinally upon the track. This is the alleged variance, and the objection is not well taken. "On the track" is more limited than "at the track," but the latter expression includes the former.

The refused instruction is as follows:

"If the jury believe, from the evidence, under the instructions of the court, that in approaching the place in question the car was being operated with ordinary care, and that the plaintiff drove in the way of the car so suddenly that the motorman had no such notice of any danger to the plaintiff as to give him an opportunity to avoid the danger by exercise of such presence of mind and of such ordinary care as is to be expected from a man of ordinary coolness and prudence under such circumstances as were then sur-

rounding him, then the court instructs the jury to find the defendants not guilty."

There was no evidence on which to base this instruction. The motorman did not testify at the trial. No witness except the plaintiff saw the wagon immediately before the collision. The conductor was in the back part of the car and did not see the wagon until after the crash and after he had got off the rear end of the car. Then he says he saw the wagon about fifty feet or more from him, "going kind of across the street like, toward the north side of the street." This evidence has no tendency to prove that the plaintiff drove in the way of the car suddenly.

The plaintiff was permitted, over defendants' objection, to prove that the street outside the street railroad track was unpaved, rough, uneven and could not be driven over. It was competent to show the condition of the roadway outside the tracks as affecting the care of the plaintiff in his driving upon the street and track.

A witness for the plaintiff testified that he got on the car five blocks west of the place where the accident occurred and the car started fast; that it stopped two or three blocks west of the place of the accident and then started again, and continued at fast speed until the collision occurred. It is objected that the evidence of the speed of the car several blocks from the accident had no tendency to prove what its speed was at and shortly before the time of the accident. The testimony of the witness, it is true, shows an intervening stop, but it also shows that the fast rate of speed continued up to the time of the accident, and we do not think it was erroneous to admit it.

No other errors are argued. The judgment of the Branch Appellate Court is affirmed.

*Judgment affirmed.*